**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARTHA STEPHENS WINN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-00024-JJB-DLD** |
| **IED, LLC, and IED, INC.** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on a referral from the district court of plaintiff's motion to remand. (rec. doc. 5) Defendant IED, Inc. has filed a "memorandum of no opposition" (rec. doc. 6), and defendant IED, LLC has not filed any opposition to the motion to remand.

Plaintiff filed a petition for damages in state court, which defendant removed based on diversity jurisdiction, 28 U.S.C. §1332, alleging that the parties are diverse and that the amount in controversy is satisfied. Plaintiff filed the instant motion to remand, attaching a stipulation executed by her counsel that the "total sum or value in controversy does not exceed $75,000, including all penalties and attorneys' fees," and "neither Plaintiffs (sic) nor their attorney will accept judgment in an amount that exceeds $75,000, including all penalties and attorneys' fees." (rec. doc. 5-4).

Defendants have the initial burden of establishing jurisdiction on removal. *See, e.g. Winters v. Diamond Shamrock Chemical Co.* 149 F.3d 387,397 (5$^{th}$Cir. 1998). Once defendant has met its burden of establishing jurisdiction, plaintiff must come forward with

evidence to prove to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000 if he is to defeat federal jurisdiction. *E.g., Manguno v. Prudential Property and Casualty Company,* 276 F.3d 720, 724 (5th Cir. 2002).

Here defendants have remained silent: they have not established by opposition to the motion that jurisdiction exists nor have they contested the sufficiency of the affidavit or even opposed the motion to remand The Court therefore is not presented with any issue as to the sufficiency or adequacy of the post-removal affidavit to defeat federal jurisdiction nor has it been presented with any argument or evidence necessary to sustain jurisdiction.

As defendants do not oppose the motion to remand, and the removal statute, 28 U.S.C. §1441, is strictly construed with all doubts and uncertainties regarding federal jurisdiction resolved in favor of remand, it is recommended that this matter be remanded. Id.

Accordingly,

**IT IS RECOMMENDED** that the motion to remand (rec. doc. 5) should be **GRANTED** and this matter remanded to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on March 15, 2011

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTHA STEPHENS WINN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-00024-JJB-DLD** |
| **IED, LLC, and IED, INC.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 15, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**